UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST and RONALD HASKINS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:10-cv-01965-M |
| BANK OF AMERICA, N.A. and BAC HOME LOAN SERVICING, LP | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Docket Entry #10]. For the reasons stated below, the Motion is **GRANTED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute between Plaintiffs Val-Com Acquisitions Trust and Ronald Haskins against Defendants Bank of America, N.A. ("BOA") and BAC Home Loans Servicing, LP ("BAC"), who claim to be the current owner and servicer, respectively, of the notes and deeds of trust on Haskin's house. On November 17, 2005, Haskins purchased the property in Desoto, Texas, through notes executed with America's Wholesale Lender ("AWL"), and executed deeds of trust with Mortgage Electronic Registration Systems to secure payment of the notes. Through various transactions, BOA claims to have become the holder of the notes, and BAC similarly claims to be the current servicer. On December 22, 2009, Plaintiff Val-Com acquired the property by a general warranty deed from Haskins, subject to the notes and deeds of trust.

On August 10, 2010, Plaintiffs filed an Original Petition against Defendants in state court in Dallas County. Defendants removed the case to this Court on September 30, 2010, and on October 27, 2010, Plaintiffs filed the First Amended Complaint. The Amended Complaint alleges that BOA and BAC violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601–1667f, Regulation Z, 12 C.F.R. pt. 226, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617. Plaintiffs also pleaded claims for negligent misrepresentation and violation of § 27.01 of the Texas Business and Commerce Code. Plaintiffs seek actual and exemplary damages, declaratory judgment, and preliminary and permanent injunctive relief. Defendants move to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. Where the facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

## II. ANALYSIS

### A. TILA and Regulation Z

Plaintiffs have alleged that AWL and Defendants violated TILA by failing to provide Plaintiffs with disclosures and disclosure statements, and by failing to comply with procedures required by TILA and by Subparts A, C, D, and E of Regulation Z, which was promulgated to implement TILA. Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted because the applicable statute of limitations bars the suit and because the claims are conclusory.

Defendants first argue that the statute of limitations bars Plaintiffs' TILA claims. When the facts alleged in a plaintiff's complaint show relief to be barred by an affirmative defense, such as the statute of limitations, the complaint may be dismissed for failure to state a claim. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Concluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). TILA nondisclosure claims are subject to a one-year limitations period that begins to run "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2006). The Fifth Circuit has held that a violation occurs "when the transaction is consummated," and that "nondisclosure is not a continuing violation" under TILA's statute of limitations. *Moor*, 784 F.2d at 633.

The Complaint's allegations show that this suit was initiated after the applicable statute of limitations had expired. The Amended Complaint alleges that Haskins executed the notes on November 17, 2005, and brought this suit on August 10, 2010. Thus, almost five years elapsed

after the consummation of the transaction. Since the alleged nondisclosures are not a continuing violation, Plaintiffs' claims lapsed as of November 2008.

Plaintiffs seek equitable relief from the statute of limitations through equitable tolling or the discovery rule. Plaintiffs claim they can show that Haskins "did not discover, and could not be expected to discover" the violations of TILA and Regulation Z "until he conveyed the Property to Val-Com," in December of 2009. (Pls.' First Am. Compl. ¶ 24, ECF No. 11.) The Fifth Circuit has held that "[t]o clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor*, 784 F.2d at 633.

The Fifth Circuit interpreted TILA's limitations period in *Moor v. Travelers Insurance Company*, and stated it was "not persuaded by [the plaintiff's] argument that the limitations period should not run until a reasonable person would have been put on notice of the facts constituting the cause of action, and that this did not occur at the time of the consummation of the transaction." *Id.* The court held that the plaintiff had not and *could not have* alleged that the defendant concealed material facts, because the causative fact—"the defendant's failure to disclose the required information when the loan was concluded"—occurred on the date the loan was concluded, and the plaintiff should have known of that failure on that date. *Id.* at 633–34.

Here, Plaintiffs have not alleged that Defendants concealed material facts. To the contrary, Plaintiffs alleged that "the violations of TILA [and] Regulation Z . . . were apparent on the face of the loan documents." (Am. Compl. ¶ 15.) As in *Moor*, then, Plaintiffs' allegations do not entitle them to the "protective garb of the tolling doctrine."

Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what

after the consummation of the transaction. Since the alleged nondisclosures are not a continuing violation, Plaintiffs' claims lapsed as of November 2008.

Plaintiffs seek equitable relief from the statute of limitations through equitable tolling or the discovery rule. Plaintiffs claim they can show that Haskins "did not discover, and could not be expected to discover" the violations of TILA and Regulation Z "until he conveyed the Property to Val-Com," in December of 2009. (Pls.' First Am. Compl. ¶ 24, ECF No. 11.) The Fifth Circuit has held that "[t]o clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor*, 784 F.2d at 633.

The Fifth Circuit interpreted TILA's limitations period in *Moor v. Travelers Insurance Company*, and stated it was "not persuaded by [the plaintiff's] argument that the limitations period should not run until a reasonable person would have been put on notice of the facts constituting the cause of action, and that this did not occur at the time of the consummation of the transaction." *Id.* The court held that the plaintiff had not and *could not have* alleged that the defendant concealed material facts, because the causative fact—"the defendant's failure to disclose the required information when the loan was concluded"—occurred on the date the loan was concluded, and the plaintiff should have known of that failure on that date. *Id.* at 633–34.

Here, Plaintiffs have not alleged that Defendants concealed material facts. To the contrary, Plaintiffs alleged that "the violations of TILA [and] Regulation Z . . . were apparent on the face of the loan documents." (Am. Compl. ¶ 15.) As in *Moor*, then, Plaintiffs' allegations do not entitle them to the "protective garb of the tolling doctrine."

Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what

TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated. Indeed, Plaintiffs fail to identify even the provisions of TILA which have been allegedly violated through nondisclosure or procedural failures. Plaintiffs simply claim that Defendants' "continuing failure" to disclose required statements under TILA "[constitutes a violation] of TILA." (Am. Compl. ¶ 23.) Without any factual content behind their claims, Plaintiffs have not shown that the alleged violations give rise to a plausible claim for relief.

It is apparent from the face of the Amended Complaint that Plaintiffs' TILA and Regulation Z claims are barred by the statute of limitations, and those claims are therefore **DISMISSED**. Furthermore, even if the claims were not time barred, Plaintiffs' allegations fail to sufficiently state a plausible claim for relief.

B. RESPA

Plaintiffs have alleged that Defendants violated RESPA by failing to provide Plaintiffs with disclosures and by failing to comply with certain procedures required by RESPA. Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted because the applicable statute of limitations bars the suit and because the claims are conclusory.

Claims under RESPA must be brought within either one or three years from the time of a violation. 12 U.S.C. § 2614 (2006). The violation occurs for RESPA, as with TILA, on the date of closing. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). Since this suit was filed almost five years after the violations allegedly occurred, the claims under RESPA are barred by the statute of limitations unless the Court invokes equitable tolling.

The Fifth Circuit has not addressed whether equitable tolling should apply to RESPA claims. *Id.* at 361. However, many district courts in the Fifth Circuit have held that equitable tolling should be applied to RESPA claims only in the narrow circumstances where a plaintiff

can show "that a defendant actively misled him or her," or in other "rare and exceptional circumstances." *Val-Com Acquisitions Trust v. Chase Home Fin., LLC*, No. 3:10-CV-1075-L, 2010 WL 4283906, at *3 (N.D. Tex. Oct. 28, 2010); *see also Val-Com Acquisitions Trust v. Chase Home Fin., LLC*, No. 4:10-CV-429-Y, 2010 WL 5136129, at *3, n.1 (N.D. Tex. Dec. 2, 2010); *Hamilton v. First Am. Title Co.*, No. 3:07-CV-1442-G, 2008 WL 382803, at *3 (N.D. Tex. Feb. 13, 2008).

Plaintiffs have not made sufficient allegations for this Court to apply equitable tolling. Plaintiffs' RESPA claims are devoid of factual content and read more like recitations of the legal standard for a RESPA violation than specific allegations of wrongdoing. Plaintiffs do not allege that Defendants actively misled them, only that AWL violated RESPA by failing to make disclosures and follow procedures, that these violations were visible on the face of the loans, and that BOA and BAC are liable for the inadequate or absent disclosures. (Am. Compl. ¶ 14–15.) Plaintiffs are not entitled to equitable tolling on these facts, and thus Plaintiffs' claims under RESPA are time barred.

Even if Plaintiffs' claims under RESPA were not barred by the statute of limitations, they lack the factual support necessary to state a plausible claim for relief. Plaintiffs fail to point out any specific provisions of RESPA that have been violated, any specific disclosures which are lacking, or any ways in which procedures have not been followed.

Plaintiffs' RESPA claims are time barred and are therefore **DISMISSED**.[1] Furthermore, even if the claims were not time barred, they are conclusory and so do not provide a plausible basis for inferring a RESPA violation.

---

[1] Since Plaintiffs' claims have been dismissed under RESPA's statute of limitations, the Court does not address the contention that RESPA does not provide for assignee liability.

C. Fraud in a Real Estate Transaction

Plaintiffs also claim that Defendants violated § 27.01 of the Texas Business and Commerce Code. They allege that AWL "made false representations of past or existing material facts… for the purpose of inducing" Haskins to execute the notes, and that Haskins relied on those representations in signing the notes. (Am. Compl. ¶ 28.) Plaintiffs further allege that Defendants are liable for such false representations because they are visible on the face of the loan documents. (*Id.* ¶ 29.) Defendants argue, however, that § 27.01 of the Texas Business and Commerce Code does not apply to transactions between mortgagors and mortgagees.

The Fifth Circuit held in *Dorsey v. Portfolio Equities, Inc.*, that § 27.01, "by its own terms, applies only to fraud in real estate or stock transactions," and that "a loan transaction, even if secured by land, is not considered to come under the statute." 540 F.3d 333, 343 (5th Cir. 2008) (internal quotations omitted) (quoting *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000, pet. denied)); *see also Val-Com Acquisitions Trust v. Chase Home Fin., LLC,* 3:10-CV-1214-K, 2011 WL 1938146, at *9–10 (N.D. Tex. May 19, 2011).

Based on *Dorsey*, this Court concludes that Plaintiffs have not and cannot allege sufficient facts to come within the scope of § 27.01, so their claim for relief under that statute is **DISMISSED**.

D. Negligent Misrepresentation

Plaintiffs also claim that AWL represented to Haskins that required disclosures under TILA, Regulation Z, and RESPA had been made within the loan documents associated with the purchase of his home. Plaintiffs allege that these disclosures were not made, and that AWL's representations were therefore false. (Am. Compl. ¶¶ 27–29.) Thus, in addition to alleging violations of TILA, Regulation Z, and RESPA, Plaintiffs allege that AWL committed negligent

misrepresentation by falsely representing that it had complied with those statutes and regulations. Furthermore, Plaintiffs claim that BOA and BAC are liable for these false representations because they are purportedly visible on the face of the loan documents. (*Id.* ¶ 22.) Defendants argue that Plaintiffs' claim should be dismissed as conclusory.

Plaintiffs' negligent misrepresentation claim is premised on the alleged failure of Defendants and AWL to provide the required disclosures under TILA and RESPA. The Court has already determined that those claims are conclusory, and since Defendants provide no independent basis for their negligent misrepresentation claim, it also fails. Therefore, Plaintiffs' negligent misrepresentation claim is **DISMISSED**.

E. Declaratory Judgment

Finally, Plaintiffs seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (2006). Plaintiffs ask the Court for declarations that TILA, Regulation Z, and RESPA have been violated by Defendants' continuing nondisclosure. Plaintiffs also request declarations of the identity of the person authorized to enforce the notes and deed of trust, "the identity of the legally authorized mortgage servicer," and whether Defendants are legally authorized to administer a foreclosure of Plaintiffs' property, specifically through a non-judicial foreclosure sale. (Am. Compl. ¶ 38.)

"The operation of the Declaratory Judgment Act is [purely] procedural" and provides, along with the Constitution, that the judiciary can resolve only cases or controversies. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937). A justiciable controversy between the parties, as defined by the Fifth Circuit in *Bauer v. Texas*, requires a plaintiff to allege facts that create "a substantial and continuing controversy between two adverse parties . . . from which the

continuation of the dispute may be reasonably inferred." 341 F.3d 352, 358 (5th Cir. 2003). The controversy must also "create a definite, rather than speculative threat of future injury." *Id*.

This Court has ruled that Plaintiffs' claims for relief under TILA, Regulation Z, and RESPA lack sufficient factual basis to take them above the speculative level. Thus, the claims do not create a justiciable controversy upon which this Court could grant declaratory relief.

Plaintiffs' requests for declarations about the identity of the authorized owner and servicer of the notes and about whether Defendants have the right to foreclose on the property are as conclusory as the rest of the claims in the Amended Complaint. Plaintiffs allege no facts to suggest that BOA is not the rightful owner of the notes, that BAC is not authorized to service the notes, or that Defendants lack the authority to foreclose on Plaintiffs' property. Under *Bauer*, simple requests for declaration are insufficient to establish a justiciable controversy. Defendants claim to be the rightful owner and servicer of the notes, and claim the right to foreclose on the property, yet Plaintiffs do not allege any facts to even suggest the contrary. Thus, this Court is faced with the absence of an actual controversy and cannot grant the declaratory relief Plaintiffs seek. *See Anderson v. Citimortgage, Inc.*, No. 4:10-CV-398, 2011 WL 1113494, at *7 (E.D. Tex. March 24, 2011); *Val-Com Acquisitions Trust v. Wells Fargo Bank*, *N.A.,* No. 4:10-CV-407, 2011 WL 1344176, at *5-6 (E.D. Tex. March 15, 2011). Plaintiffs' request for declaratory relief is therefore **DISMISSED**.

III. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs' First Amended Complaint is **DISMISSED**. The dismissal of Plaintiffs' TILA and RESPA claims is with prejudice, as no amendment could change the fact that those claims are time barred. Likewise, no amendment could cure the inapplicability of § 27.01 of the Texas

Business and Commerce Code to the dispute between the parties, and so the Court's dismissal of that claim also is with prejudice. However, because Plaintiffs could conceivably add factual content to save their claims for negligent misrepresentation and declaratory judgment, the dismissal of those claims is without prejudice, and the Court will grant Plaintiffs leave to amend their pleading to cure the deficiencies in those claims, if they can. If Plaintiffs choose to file an amended pleading pursuant to this Opinion, they must do so on or before June 30, 2011.

**SO ORDERED**.

June 9, 2011.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**